THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL B. STOW
and Others, Relators, v. THE COMMON COUNCIL OF THE CITY OF
KINGSTON, N. Y., Respondent.

*Assessment for a municipal improvement — it may include money paid to salaried*
*officials of the city.*

A city charter, authorizing the common council to cause work to be done " at the
expense in whole or in part of the property fronting thereon," and to " deter-
mine what part, if any, not exceeding twenty-five per centum of the expense
thereof, shall be paid by general tax upon the city, and what part of such
expense    *    *    *   shall be paid by special assessment on the property fronting
on such improvement," and further providing that " all improvements to be
paid for by special assessment shall be by contract let to the lowest responsible
bidder, and shall be paid for only from the funds raised, levied and collected
for such improvement," authorizes the municipality to include in the cost of
grading a street and constructing a sewer therein, a percentage of which is
to be assessed upon the property fronting thereon, moneys paid to the city
engineer and his assistants for salary and wages during the time he and they
are engaged in the engineering work necessary for the improvements, and
the amount paid an inspector for the inspection of the work, all of which
sums were paid from funds raised by general tax, the charter providing that
the city engineer should receive a specified annual salary and should do all
the engineering work necessary for such improvements and superintend the
construction of sewers and grading of streets, and authorizing him to appoint
assistants, of whom the inspector was one.

CERTIORARI issued out of the Supreme Court and attested on the
14th day of December, 1898, directed to the common council of
the city of Kingston, N. Y., commanding it to certify and return
to the office of the clerk of the county of Ulster all and singular
their proceedings had in relation to the special assessments for local
improvements on Jarrold street in said city of Kingston.

*G. R. Adams*, for the relators.

*John W. Searing*, for the respondent.

LANDON, J.:
   The relators seek by this writ of certiorari to review the determi-
nation of the common council of the city of Kingston in confirming
special assessments upon their property; one for the expense of
grading and top dressing Jarrold street in the city of Kingston, and

PEOPLE ex rel. STOW v. COMMON COUNCIL. 81

App. Div.]      THIRD DEPARTMENT, MARCH TERM, 1899.

the other for constructing a sewer in said street. They duly appeared before the assessor and made objections in writing to the assessment as the city charter permits, and also before the common council, and in like manner made objections to the confirmation thereof. Their objections were overruled and the assessment confirmed.

The special assessments for grading and top dressing and for the sewer were for seventy-five per cent of the following items:

| | |
|---|---|
| " E. M. Haines, contract for street................ | $1,275. |
| " W. Klingberg, engineering.............. ........ | 190. |
| " P. Kilfoyle, inspector..... ................... | 163. |
| " Total cost.............................. | $1,628." |
| " E. M. Haines, contract for the sewer ............ | $470. |
| " W. Klingberg, engineering expenses............. | 50. |
| " P. Kilfoyle, inspector ......................... | 77.50 |
| " Total cost of sewer........................ | $597.50 " |

The charter of the city (Laws of 1896, chap. 747, § 147) authorizes the common council to cause such work to be done " at the expense, in whole or in part, of the property fronting thereon," and to " determine what part, if any, not exceeding twenty-five per centum of the expense thereof, shall be paid by general tax upon the city, and what part of such expense  *  *  *  shall be paid by special assessment on the property fronting on such improvement." In this case the common council determined that twenty-five per cent of such cost should be paid by general tax, and the remainder by special assessment. Section 151 of the act provides that " all improvements to be paid for by special assessment shall be by contract let to the lowest responsible bidder, and shall be paid for only from the funds raised, levied and collected for such improvement."

It appears from the return that W. Klingberg was the city engineer, and that the sums of $190 and $50 included in the cost of improvements were the moneys paid to him and his assistants for salary and wages during the time he and they were engaged in the engineering work necessary for the improvements, and that the sums

82 PEOPLE ex rel. STOW v. COMMON COUNCIL.

THIRD DEPARTMENT, MARCH TERM, 1899.　　　[Vol. 39.

$163 and $77.50 included therein for P. Kilfoyle, inspector, were the moneys paid him for inspecting the work, and that all said sums were paid from funds raised by general tax.

Section 38 of the charter provides that the city engineer " shall receive a salary of twelve hundred dollars per annum, payable monthly." The same section requires him to do all the engineering work necessary for such improvements, and to superintend the construction of sewers and the grading of streets, and he may appoint such assistants as the common council authorizes. We assume that the employment of Kilfoyle as inspector was made pursuant to this power.

The argument against including the items for engineering and inspection is based upon the provisions of the charter above cited, and is to the effect that the engineer is a salaried officer of the city, charged with the duty of this engineering and inspection, and, therefore, the charge for these services is not properly a part of the cost of this work; and that his salary, of which the relators contribute their share in the general tax, would have been the same if this work had not been done. That the provision that " all improvements to be paid for by special assessment shall be by contract let to the lowest responsible bidder " excludes special assessments for other than such contract charges.

The argument seems cogent, but the language of the last-quoted provision does not in terms exclude from the assessment the cost of the improvement beyond its contract price. The cost of engineering and inspection cannot properly be included in the contract with the contractor. Section 147 of the charter provides that the assessor " shall make a just and equitable assessment of the costs and expenses of such improvement as audited by the common council against the owners or occupants or the lands deemed to be benefited." This includes the contract price and other necessary expenses. The weight of authority justifies the inclusion of these items. The fact that the city engineer's duties largely consist in rendering such services seems to justify including in the cost of the improvement such proportion of his salary, and of his assistants whom he is authorized to appoint, as the time spent in rendering them bears to the whole time for which they are paid. (*Matter of Tappan*, 54 Barb. 225; *Matter of Eager*, 46 N. Y. 100; *Matter of Merriam*, 84 id.

596; *Matter of Pelton*, 85 id. 651; *Matter of Lowden*, 89 id. 548;. *Matter of Johnson*, 103 id. 260.)

The relators also object that the assessment was confirmed by the common council before the expiration of the time allowed to property owners to make their objections. It is not clear that this is true in fact. As we have stated above, the relators were fully heard,, and, therefore, have no grievance upon this account.

The determination of the common council is confirmed, with fifty dollars costs and disbursements.

All concurred.

Determination of the common council confirmed, with fifty dollars costs and disbursements.