FIRST NATIONAL BANK OF PAW PAW *v.* NASH.

1. DRAINS—TAXPAYERS COMPELLED TO PAY ONLY ACTUAL COST.
    The taxpayers in a drain assessment district may not be required to pay any more than the actual cost of the drain, including the necessary bridge work and the expense incident to the proceedings.[1]

2. SAME—REASSESSMENT—AMOUNT MUST LEGALLY BE DETERMINED.
    If the actual cost of a drain is more than the estimated

[1] Drains, 19 C. J. § 216 (Anno).

cost, the difference may be collected under the provisions of 1 Comp. Laws 1915, § 4913, and may include a shortage caused by enjoining the collection of the tax levied on a part of the district, but until the amount which may legally be reassessed has been determined, the drain commissioner is under no legal obligation to make an additional assessment.[2]

3. SAME.

The taxpayers may not be required to again pay the amount of the drain fund used by order of the board of supervisors for other purposes.[3]

4. MANDAMUS—PUBLIC OFFICIALS—CLEAR LEGAL DUTY.

Mandamus will issue against a public official only to compel the performance of a clear legal duty.[4]

5. SAME—PAYMENT OF DRAIN ORDERS—AMOUNT TO BE REASSESSED MUST BE DETERMINED—REMEDY.

Mandamus will not lie at the instance of holders of drain orders to compel the drain commissioner to spread an additional tax to pay said orders, where it appears that a former drain commissioner issued orders in excess of the contract price, and the amount to be reassessed has not been legally determined; plaintiffs' remedy, if any, being in equity, where an accounting may be had, and all persons interested made parties.[5]

Certiorari to Cass; Warner (Glenn E.), J. Submitted June 5, 1925. (Docket No. 54.) Decided October 1, 1925.

Mandamus by the First National Bank of Paw Paw and others to compel Joel J. Nash, drain commissioner of Cass county, to spread a tax for the payment of certain orders. From an order denying the writ, plaintiffs bring certiorari. Dismissed.

*Thomas J. Cavanaugh* and *Earl L. Burhans*, for plaintiffs.

*Asa K. Hayden*, for defendant.

[2]Drains, 19 C. J. § 267 (Anno); [3]Id., 19 C. J. § 267; [4]Mandamus, 38 C. J. § 261; [5]Id., 38 C. J. § 33.

Sharpe, J.    On February 18, 1919, C. J. McElheny entered into a contract with Abner M. Moon, the then drain commissioner of Cass county, wherein he agreed to construct what is known as the Onen & McCoy drain and complete it on or before July 1, 1919, for the sum of $16,684.    It also appears that he did some work in constructing and repairing bridges over the drain, the price or value of which does not clearly appear.    The contract work was completed by McElheny, though not within the time fixed, and accepted by the commissioner.    No question is raised as to the character of the work performed.    It clearly appears that Moon issued orders on the drain fund to McElheny in excess of the sums due him, the amount of such excess being in dispute.

The estimated cost of the drain was $23,766.56. This was spread on the property in an assessment district fixed by the commissioner.    This district included the city of Dowagiac, upon which one-tenth of the assessment was levied.    Its collection was enjoined by the circuit court of Cass county. The sums collected were turned over to the treasurer of the county.    He has paid out of this fund $8,500 on contract orders and $2,136 on bridge orders.    The board of supervisors directed that no other orders be paid, and the balance of the money in the fund has been appropriated by the board and used for other purposes.

The plaintiffs are the holders for value of contract orders for $10,960, and bridge orders for $1,745, drawn by the commissioner on said fund to the order of McElheny.    Payment thereof was demanded of the treasurer, and refused.    They petitioned the circuit court for a mandamus, commanding the defendant, the present drain commissioner of the county, to spread an additional tax on the assessment district

to pay such orders.    They here review by certiorari an order dismissing their petition.

The taxpayers in the assessment district cannot be required to pay any more than the actual cost of the drain.    This would, of course, include the necessary bridge work and the expense incident to the proceeding.    It may be more or less than the estimated cost thereof.    If more, it may be collected under the provision in 1 Comp. Laws 1915, § 4913, construed by this court in *Nash* v. *Robinson,* 226 Mich. 146-148. It may include the shortage, owing to the collection of the tax levied on the property in the city of Dowagiac having been enjoined.    But, until the amount which may legally be reassessed has been determined, the defendant is under no legal obligation to make an additional assessment.    The taxpayers cannot be required to again pay the amount of the fund which it is claimed has been used for other purposes by order of the board of supervisors.

In our opinion, the plaintiffs have mistaken their remedy.    Mandamus will only issue against a public official in such cases to compel the performance of a clear legal duty.    We are impressed that, if plaintiffs have a remedy, it is by bill in equity, in which an accounting may be had as to the amount yet legally due for service performed by McElheny under his contract and for bridge work, the cost of the drain determined, the amount of the reassessment fixed, the action of the board of supervisors in using for other purposes a part of the money collected, and of the treasurer in permitting it to be drawn out, considered, and a determination had as to the ratable share of the then balance of the moneys in the fund to which the plaintiffs and any others who may hold orders issued against the fund are entitled.    In such a proceeding, all those in any way interested, or whose action, official

or otherwise, will be affected by the decree, should be made parties.

The writ of certiorari is dismissed, without prejudice, with costs to defendant.

McDONALD, C. J., and CLARK, BIRD, STEERE, FELLOWS, and WIEST, JJ., concurred. MOORE, J., did not sit.