COOK *v.* STATE ADMINISTRATIVE BOARD.

1. MANDAMUS—PURPOSE OF WRIT.
    Mandamus proceedings do not adjudicate rights, but are mode of enforcing existing rights.

2. SAME—STATE—WHEN WRIT WILL ISSUE AGAINST STATE BOARD.
    Mandamus to compel State administrative board to audit and allow claim against State should not issue unless there is clear legal duty of defendant to act and clear legal right in plaintiff to enforce discharge of said duty.

3. SAME.
    Claim against State for services is not enforceable by mandamus, in absence of agreement by State to pay therefor.

Mandamus by Orrin W. Cook to compel the State Administrative Board and others to pay a claim for services rendered. Submitted May 3, 1932. (Calendar No. 34,432.) Writ denied June 6, 1932.

*Watt & Colwell* and *George E. Nichols,* for plaintiff.

*Paul W. Voorhies,* Attorney General, and *William A. Richards,* Assistant Attorney General, for defendants.

SHARPE, J. In July, 1926, the plaintiff was employed at the Ionia State hospital as farm superintendent at a salary of $100 per month. The position of garden superintendent being then vacant, plaintiff was requested by the medical superintendent and the steward to also perform such duty. It is his claim that he consented to do so on the understanding that he should receive the salary

formerly paid to the incumbent, $85 per month, in addition to that he. was getting, and that he performed such services for 17 months, and was entitled to receive therefor the sum of $1,445. On July 24, 1928, he presented a claim therefor, duly verified by him, to the defendant State administrative board for allowance, and, after hearings had before the committee on claims of said board and report made, it was disallowed. He then filed a petition in this court, seeking a mandamus to compel said board "to audit and allow" such claim.

In response to an order to show cause, which had been issued, the defendants denied many of the allegations in the petition which plaintiff deemed material, and, on his petition therefor, the matter was referred to the circuit court for the county of Ionia to take proofs and report findings to this court. The proofs taken and the findings of fact thereon have been forwarded to this court, and briefs have been filed by counsel.

In his findings of fact the trial court said that soon after the garden superintendent quit his employment, the plaintiff was severally "asked and directed" "by both the medical superintendent and the steward" to perform the additional duties of garden superintendent.

"While neither of these officials either expressly promised or refused to promise him additional compensation for such additional work and responsibility, they led him to believe that he would receive such reasonable compensation and left him in expectation thereof. Under those conditions he accepted the extra position and its additional duties and performed the same for 17 months."

He further found that in the spring of 1928 the medical superintendent again requested plaintiff to

continue to act in both capacities and "assured him that if he did and made good that season he would do all that he could to induce the hospital commission to award him additional compensation."

The findings concluded:

"I further find that in the performance of such duties plaintiff was required to and did devote additional time, thought, and effort for which he had not received adequate reward, and further, that his services as garden superintendent were fairly and reasonably worth at least $50 per month in addition to his salary of $100 per month as farm superintendent."

In their brief counsel for plaintiff say:

"The question here is, Can the State of Michigan, after having employed plaintiff under an agreement to pay him for his services, arbitrarily refuse payment and leave plaintiff without any redress."

The findings do not justify the statement that the plaintiff was employed by the State "under an agreement to pay him for his services." He was doubtless led to believe that the medical superintendent and steward would recommend that he be paid "additional compensation." The findings do not state that any amount was fixed therefor, and the conclusion of the trial court states that the additional service rendered was fairly worth $50 per month. It is this amount, and not that stated in the claim filed with the defendants, that plaintiff's counsel now ask should be ordered to be paid.

In *Klatt* v. *Wayne Circuit Judge,* 212 Mich. 590, 599, it was said:

"It has been held by us that mandamus proceedings do not adjudicate rights, but are a mode of enforcing existing rights."

Assuming, but not deciding, that it was the duty of the defendant board to audit the claim presented to it by the plaintiff, and, if it found the same to be a legal charge against the State, to allow it and direct its payment, it seems clear that such action on its part may not be enforced under the facts here presented. Mandamus in such a case should not issue unless there is a clear legal duty on the part of the defendants to act and a clear legal right in the plaintiff to enforce the discharge of that duty. *Smith* v. *Wagner,* 234 Mich. 428.

Under the record as here presented, the petition for the writ of mandamus will be dismissed. No costs will be allowed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.