HOAD *v.* VAN WAGONER.

1. ACCOUNTING—NECESSITY—EVIDENCE.

> Record in suit by plaintiff firm, appointed as consulting engineers for proposed inter-county drainage project, to collect for services performed for the inter-county drainage board *held*, to show no occasion for an accounting, where evidence shows bill for services was approved by the board and that it was the customary and usual fee and no testimony was offered to the contrary (Act No. 316, Pub. Acts 1923, as amended by Act No. 365, Pub. Acts 1925).

2. DRAINS—SEWERS—SEALING OF JOINTS.

> A project designed primarily for drainage does not become a sewer merely because it is capable of being used for sewage disposal and fact that joints of the drain are not sealed but permit seepage, show it is not a sewer (Act No. 316, Pub. Acts 1923, as amended by Act No. 365, Pub. Acts 1925).

3. EQUITY — JURISDICTION — ACCOUNTING — ADEQUATE REMEDY AT LAW.

> Court of equity *held*, to have no jurisdiction of suit to collect for services rendered in laying out a proposed inter-county drainage project by consulting engineers brought against inter-county drainage board and drain commissioners of respective counties, where there is no necessity for accounting and merely the existence of a number of independent actions at law.

4. SAME—JURISDICTION—MULTIPLICITY OF SUITS.

> The mere existence of a number of independent actions at law does not constitute such multiplicity of suits as confers jurisdiction upon court of equity.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PARTIES.

> On appeal from decree for plaintiffs, consulting engineers seeking to collect for services rendered in laying out inter-county drainage project in suit against inter-county drainage board and respective county drain commissioners, the legality of claims presented by plaintiffs is not passed upon where respective county treasurers are not before the court and case is reversed because court of equity is without jurisdiction.

6. MANDAMUS—PARTIES—LIQUIDATED CLAIM.

Remedy of consulting engineers, if any, to collect for services rendered inter-county drainage district, where there is no necessity for an accounting, no denial that services were rendered and amount of claim was duly approved by inter-county drainage board, was by mandamus in each county involved where drain commissioner and corresponding county treasurer could be joined along with the board, all as proper parties (Act No. 316, Pub. Acts 1923, as amended by Act No. 365, Pub. Acts 1925; 3 Comp. Laws 1929, § 13997, subd. 8, as amended by Act No. 225, Pub. Acts 1931).

7. SAME—LIQUIDATED CLAIM.

The "liquidated claim" requisite for mandamus against a municipal corporation must be a claim wherein the amount due is either fixed by the judgment of a court, by some statutory provision, by some authorized officer or board, or by agreement between the parties.

8. SAME—INTER-COUNTY DRAINAGE BOARD—PAYMENT FOR SERVICES.

Upon refusal of inter-county drainage board to issue drain orders to consulting engineers upon latter's request for same as payment for services theretofore rendered, because of legal questions involved and on advice of counsel, mandamus *held*, the proper and effective remedy rather than suit in equity for accounting and mandatory injunction, where claim was then liquidated (Act No. 316, Pub. Acts 1923, as amended by Act No. 365, Pub. Acts 1925; 3 Comp. Laws 1929, § 13997, subd. 8, as amended by Act No. 225, Pub. Acts 1931).

Appeal from Washtenaw; Sample (George W.), J. Submitted October 9, 1936. (Docket No. 64, Calendar No. 39,019.) Decided January 4, 1937.

Bill by William C. Hoad and others, copartners doing business as Hoad, Decker, Shoecraft & Drury, against Murray D. Van Wagoner and others, constituting the Inter-County Drainage Board of Oakland, Lapeer, Macomb and St. Clair Counties, and others for an accounting, a mandatory injunction commanding the payment of certain consulting engineers' fees and other relief. Decree for plaintiffs.

Defendants Earl L. Clark, Oakland County Drain Commissioner, and Edward M. Irwin, Macomb County Drain Commissioner, appeal. Reversed and bill dismissed.

*Burke & Burke* (*Rowan Fasquelle,* of counsel), for plaintiffs.

*David C. Pence,* Prosecuting Attorney, and *Donald C. Porritt,* Assistant Prosecuting Attorney and Civil Counsel for Oakland County, for defendant Clark.

*Roy M. McKinstry,* Prosecuting Attorney (*William H. Nunneley,* Assistant Prosecuting Attorney, of counsel), for defendant Irwin.

Butzel, J. Plaintiffs, engineers residing in Ann Arbor, Michigan, claim that they were employed as consulting engineers by the inter-county drainage board of Oakland, Macomb, Lapeer and St. Clair counties to lay out a drainage district embracing an area of some 100 square miles, almost exclusively in Oakland and Macomb counties. Suit was brought against a number of parties including the inter-county drainage board and the drain commissioners, but not the treasurers of the respective counties. The drain commissioners of Lapeer and St. Clair counties were joined as parties defendant though the amount claimed from them is almost negligible, the lower court finding that only $17 was due from them together. The drain commissioners of these two counties are not appellants.

Plaintiffs, in their bill of complaint filed in Washtenaw county where they reside, allege that they were appointed as consulting engineers by the Oakland county drain commissioner and that in 1926 they made engineering studies of the more difficult

phases relative to the laying out of an inter-county drainage project; that on May 7, 1927, their employment as consulting engineers was duly confirmed at a meeting of the inter-county drainage board; that during the years 1927 and 1928, they performed extensive research work, prepared elaborate plans, maps, drawings and performed a very large amount of professional work; that the reasonable value of the services rendered for the drainage board is $42,500; that the defendant Hunter, then deputy commissioner of agriculture of the State of Michigan, caused an apportionment of the costs of the proposed drain to be made in accordance with the drain law then in force, and that 88.13 per cent. of the costs were charged to Oakland county, 11.83 per cent. to Macomb county, and 4/10ths of one per cent. to the other two counties; and that accordingly, there is the sum of $37,455.25 due them from Oakland county, $5,027.75 from Macomb county, all in accordance with the records and files of the inter-county drainage board. Plaintiffs further allege that no final order of determination was ever entered by the inter-county drainage board and that the entire project, while not abandoned, has been delayed on account of business conditions. Plaintiffs claim that formal demand was made upon the respective drain commissioners of the counties, constituting the inter-county drainage board, requesting them to issue drain orders upon the county treasurers conformable with the amounts found due in the apportionment of costs made by the commissioner of agriculture, but that their request was formally denied by the board on the ground that legal questions were involved. Plaintiffs further allege that they were seeking the aid of a court of equity because an accounting was necessary between themselves and the defendants,

and they were without an adequate remedy at law. They further asked for a mandatory injunction ordering the several drain commissioners to issue drain orders on their respective county treasurers directing the latter to pay the amounts out of revolving drain funds of the counties.

Both the opinion and decree of the lower court find almost all the facts true, as set forth in the bill of complaint. The decree directs that drain orders be drawn upon the revolving funds of Oakland and Macomb counties, respectively, requiring the treasurer of Oakland county to pay the plaintiffs out of such fund the sum of $37,455.25 and the treasurer of Macomb county to pay plaintiffs out of such fund the sum of $5,027.75.

The defendants in their appeal raise numerous questions. The resolutions of the inter-county drainage board unequivocally show that there is no question as to the amount of plaintiffs' bill or the performance of the services and that their bill of $42,500 was duly approved by the inter-county drainage board. The record shows no occasion for any accounting whatsoever. It does show, however, that the drainage project was abandoned or indefinitely postponed owing to lack of funds; that the so-called revolving drain funds of each county were not only depleted, but disclosed a very large deficit and this reflected in a measure the general financial condition of the counties. It was further shown that the proposed inter-county drain would cost approximately $8,500,000, plaintiffs claiming that they were entitled for their services as consulting engineers to a fee of one-half of one per cent. of the estimated actual cost, or $42,500 and that this percentage was the usual and customary fee. No testimony whatsoever was offered to the contrary. It was further shown that a

mile and a third of the proposed drain to be constructed from the Ten-Mile road drain to Bear creek in Macomb county was to consist of an arch drain about 20 feet wide and 12 to 14 feet high and was to be water tight. The floor was to be laid down first, then a strong arch of reenforced concrete was to be built over the floor deep in the ground. It was not to have any manholes to drain off the surface water from the Ten-Mile road, but was to take the place of an open drain at the north of the Ten-Mile road. The map introduced might possibly indicate other portions of inclosed barrel, though the testimony as to their existence and character is not entirely clear. The project, first designated as a "sewer drain," was subsequently called a "drain." It was also to serve as an outlet for the overburdened drains of Ferndale, Royal Oak and other villages. There was also to be a sewage disposal plant in connection with the project.

In *Hankinson* v. *Deake,* 265 Mich. 1, we held that a project designed primarily for drainage did not become a sewer merely because it was capable of being used for sewage disposal, and that the fact that the joints of the drain were not sealed, but permitted seepage showed it was not a sewer. The record in the instant case does not show the approximate cost of this large covered barrel, nor whether it was such a necessary part of the drain as to make it an indispensable part thereof or whether, as appellees claim, it was only incidental to this very large project. Further facts may possibly be brought out in subsequent proceedings, if there are any.

Appellants claim that if the drain orders are drawn on the respective county treasurers in accordance with the decree of the court, and if the county treasurers are bound to honor them, it would become

necessary for each county, through proper action to raise funds with which to pay such drain orders by assessing the districts claimed to be benefited and that as no benefits were derived from this unconsummated project, the counties would never be reimbursed if they paid appellees' claim.

Appellants stress the argument that there were absolutely no grounds for plaintiffs' invoking the jurisdiction of a court of equity, there being no occasion for an accounting whatsoever.

Appellants further claim that the inter-county drainage board never made a preliminary determination of practicability of the inter-county drain as required by the drain law then in force, being Act No. 316, Pub. Acts 1923, as amended by Act No. 365, Pub. Acts 1925; that it was incumbent upon the plaintiffs as engineers to know that under said drain law, a sewer could not be built, as we held in *Clinton* v. *Spencer,* 250 Mich. 135. They further claim that the suit should have been brought in the counties in which defendants reside and that it was against both the common law and the statute, 3 Comp. Laws 1929, § 13997, subd. 8,* to compel defendant public officers to go into a foreign county to defend their rights; and that if the latter procedure were permitted, by improperly invoking equity jurisdiction, local officers of counties in one part of the State might be obliged to go to a far distant county to defend the interests of their own counties. The jurisdictional question also arises whether, in an equity suit, there was not a fatal nonjoinder of parties defendant, because the county treasurers, real parties in interest, were omitted.

We plant our decision squarely upon the ground that a court of equity had no jurisdiction in the prem-

---

* This section was amended by Act No. 225, Pub. Acts 1931.— Reporter.

ises. There was no occasion for any accounting. While the drain commissioners of Lapeer and St. Clair counties were included as parties defendant, the drain commissioners and treasurers of Oakland and Macomb counties were the only parties with any substantial interest. Proper law actions could have been brought in the latter two counties. The existence of a number of independent law actions, however, would not constitute the "multiplicity of suits" which confers equity jurisdiction. See *Salisbury* v. *City of Detroit*, 258 Mich. 235. The intercounty drainage board would be a proper party in each of such law actions even though the board was not to make the payment. The payments were to come from the revolving funds of the respective counties which are disbursed by the county treasurers. At the oral argument, counsel for appellees in response to an inquiry of the court stated that further litigation would probably be required. Inasmuch as necessary parties are not before us, we decline to pass upon the legality of the claims in the present proceeding and limit our decision to the procedural question.

Plaintiffs' remedy, if any, was by mandamus in each of the counties where the drain commissioner and corresponding county treasurer could be joined, along with the inter-county drainage board, all as proper parties. In *Commonwealth, ex rel. Bell,* v. *Powell*, 249 Pa. 144 (94 Atl. 746), the court, in holding that mandamus proceedings were proper to compel the auditor to draw an order upon the State treasurer to pay a bill, stated:

"That the auditor general and the State treasurer were, under the circumstances, properly joined as defendants cannot be seriously questioned. The purpose is to compel performance of an official duty which requires successive but interdependent action

by the two officers. Unless they are joined, the relator will have no effective writ. The principle which authorizes such joinder is thoroughly justified.''

Plaintiffs, however, claim that mandamus could not be brought, relying upon *First National Bank of Paw Paw* v. *Nash,* 232 Mich. 380, where the court in denying mandamus said:

"Mandamus will only issue against a public official in such cases to compel the performance of a clear, legal duty. We are impressed that, if plaintiffs have a remedy, it is by bill in equity, *in which an accounting may be had as to the amount yet legally due* for service performed by McElheny under his contract and for bridge work, the cost of the drain determined."

However, as was pointed out above, there was no occasion for an accounting in the instant case. Further, there was no denial that plaintiffs rendered services under their contract of employment, nor was there any dispute as to the amount of their claim for $42,500, which claim, duly approved by the intercounty drainage board in pursuance of statutory authority, became liquidated at least for the purpose of bringing mandamus to compel the issuance of drain orders.

The case of *Waterman-Waterbury Co.* v. *School District, No. 4, Cato Twp.,* 183 Mich. 168, 176, also relied upon by appellees, defines a liquidated claim, such as will justify mandamus, as follows:

. "The 'liquidated claim' requisite for mandamus must be a claim wherein the amount due is either fixed by the judgment of a court, by some statutory provision, *by some authorized officer or board,* or by agreement between the parties."

In that case, mandamus was held to be improper because, as the court said, both the execution and performance of the asserted contract were in dispute and evidently the validity of the claim had not been determined by any statutory board or tribunal.

In *Cook* v. *State Administrative Board,* 259 Mich. 85, referred to by appellees, where mandamus was denied, it did not appear that the petitioners' claim had been approved by the board. Other cases cited by appellees are clearly distinguishable.

When the plaintiffs requested the inter-county drainage board to issue the drain orders, the only reason assigned by the board for refusing to issue said orders was "because of legal questions involved and on advice of counsel." Mandamus afforded a proper and effective remedy to raise these legal questions and to afford the plaintiffs the relief sought in this proceeding.

The decree of the lower court is reversed, with costs to appellees, and the bill of complaint dismissed.

FEAD, C. J., and NORTH, BUSHNELL and SHARPE, JJ., concurred with BUTZEL, J.

WIEST, J. (*concurring*). I concur in the holding that plaintiffs' remedy, if any, is at law, but I do not join in considering the pleadings in such void suit as determinative of issues of law or fact in any subsequent action or proceeding.

TOY, J., took no part in this decision. POTTER, J., did not sit.