G&A INCORPORATED v NAHRA

Docket No. 143680. Submitted November 3, 1993, at Detroit. Decided March 22, 1994, at 9:20 A.M.

G&A Incorporated brought an action in the Macomb Circuit Court against Paul Nahra and David Miller, the owners of real property G & A leased, seeking a declaration that the defendants are obligated to pay a special assessment levied against the leased property. The lease agreement provided that the plaintiff would pay all real property taxes imposed during the lease period, but was silent with respect to special assessments. The court, Raymond R. Cashen, J., granted summary disposition for the plaintiff. The defendants appealed.

The Court of Appeals *held:*

A special assessment is imposed to defray the cost of a specific local improvement rather than to raise revenue for general governmental purposes, and therefore is not a tax. Accordingly, the trial court did not err in determining that the plaintiff was responsible for all real property taxes imposed for the leased property, but not for special assessments.

Affirmed.

TAXATION — REAL PROPERTY — SPECIAL ASSESSMENTS.

A special assessment for an improvement is not a property tax on the realty for which the assessment is levied.

*Metry, Metry & Sanom* (by *Samuel T. Sanom*), for the plaintiff.

*Ronald B. Hakim,* for the defendants.

Before: CAVANAGH, P.J., and MARILYN KELLY and M. D. SCHWARTZ,* JJ.

PER CURIAM. Defendants appeal as of right from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Special or Local Assessments § 34.

See ALR Index under Special Assessments.

a grant of summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(9). We affirm.

Plaintiff, G&A Incorporated, leased commercial property from defendants, Paul Nahra and David Miller. An addendum to the lease provided that plaintiff would pay the property taxes. In 1989, the City of St. Clair Shores levied a special assessment on the property, charging the owners, defendants, the sum of $39,703 for the improvement of adjacent off-street parking. Defendants made plaintiff responsible for the assessment, as part of its real property tax obligation. Plaintiff brought suit, challenging defendants' decision, and the judge granted plaintiff's motion for summary disposition. He concluded that, as it was a special assessment, the levy was not part of plaintiff's real property tax obligation under the lease.

On appeal, defendants contend that the trial court erred. They claim that, since plaintiff benefitted from the improved parking and the lease was silent on the issue of special assessments, plaintiff was obligated to pay the assessment. *Hull v Detroit Equipment Installation, Inc,* 12 Mich App 532; 163 NW2d 271 (1968).

A trial court's grant of summary disposition is reviewed de novo. This Court examines the record to determine whether the prevailing party was entitled to judgment as a matter of law. *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993), lv gtd 444 Mich 927 (1994).

If a contract's language is clear, its construction is a question of law for the court. *Hafner v DAIIE,* 176 Mich App 151, 156; 438 NW2d 891 (1989). When presented with a dispute, a court must determine what the parties' agreement is and enforce it. *Whitaker v Citizens Ins Co,* 190 Mich App 436, 439; 476 NW2d 161 (1991). Contractual

language is given its ordinary and plain meaning, and technical and constrained constructions are avoided. *Bianchi v Auto Club of Michigan,* 437 Mich 65, 71, n 1; 467 NW2d 17 (1991).

The disputed language in the lease stated that the tenant could occupy the property

> for a period of five (5) years, . . . with the Tenant paying all of the real property taxes as well as insurance for the benefit of the Landlords and providing Landlords with a copy of paid tax and insurance receipts.

The parties assign different meanings to the term "real property taxes." Plaintiff contends that real property taxes do not include special assessments for improvements such as the road widening and beautification which occurred here. Defendants contend that the costs of the improvements were real property taxes and that, under the terms of the lease, plaintiff was bound to pay them.

A recent plurality decision by our Supreme Court considered the distinction between property taxes and special assessments. *Kadzban v City of Grandville,* 442 Mich 495; 502 NW2d 299 (1993). The Court noted:

> A special assessment is a levy upon property within a specified district. Although it resembles a tax, a special assessment is not a tax. *Knott v City of Flint,* 363 Mich 483, 497; 109 NW2d 908 (1961). In contrast to a tax, a special assessment is imposed to defray the costs of specific local improvements, rather than to raise revenue for general governmental purposes. [*Id.,* 500.]

The special assessment at issue here was levied to recover the cost of improving Harper Avenue.

The improvement served to provide a lasting benefit to defendants' property. Following the reasoning in *Kadzban,* the assessment was not a tax. See also *Knott, supra; Sawicki v City of Harper Woods,* 1 Mich App 352; 360-361; 136 NW2d 691 (1965). While plaintiff was responsible for all real property taxes under the lease agreement, it was not responsible for special assessments.

We affirm the trial court's grant of summary disposition.