AUTO-OWNERS INSURANCE COMPANY v ZIMMERMAN

Docket No. 89191. Submitted January 6, 1987, at Grand Rapids. Decided April 8, 1987. Leave to appeal denied, 428 Mich 918.

Wayne K. Zimmerman, owner of an excavating business, insured his 1978 International dump truck through Auto-Owners Insurance Company. Zimmerman was informed by the insurance agent that the dump truck would not be insured under the policy while pulling a trailer unless an extra premium was paid to insure the trailer. Zimmerman chose not to pay the extra premium. The dump truck subsequently was involved in an accident while pulling a flat-bed trailer and Zimmerman was sued by two separate parties. Auto-Owners denied liability and filed a declaratory judgment action against Zimmerman in Ogemaw Circuit Court. The court, Carl L. Horn, J., granted a declaratory judgment in favor of Auto-Owners, finding that the insurance contract unambiguously denied coverage and that Zimmerman had been so informed prior to the accident. Zimmerman appealed.

The Court of Appeals *held:*

1. The insurance policy is neither ambiguous nor against public policy.

2. The trial court did not err in refusing to let Zimmerman introduce evidence that the trailer was not a cause or a part of the accident. It is irrelevant whether the trailer was causally connected with the accident.

Affirmed.

1. INSURANCE — KNOWLEDGE OF POLICY TERMS.

An insured is held to a knowledge of the terms and conditions contained in his insurance policy even though he may not have read it.

2. INSURANCE — JUDICIAL CONSTRUCTION — AMBIGUITIES.

An insurance policy must be read as a whole in order to determine whether an ambiguity exists.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 2 *et seq.*
Am Jur 2d, Insurance §§ 269 *et seq.*
Trailers as affecting automobile insurance. 31 ALR2d 298.

3. CONTRACTS — AMBIGUITIES.

    A contract which fairly admits of but one interpretation is not ambiguous.

4. INSURANCE — TRAILERS — DISALLOWANCE OF COVERAGE.

    The fact that a trailer was not causally connected with an accident is irrelevant where the terms of an insurance policy disallow coverage of a vehicle when a trailer is being towed.

*Jennings & Turkelson, P.C.* (by *William P. Jennings*), for plaintiff.

*Patrick R. Winter,* for defendant.

Before: MACKENZIE, P.J., and WEAVER and J. E. ROBERTS,* JJ.

PER CURIAM. Defendant appeals as of right from an order of the Ogemaw Circuit Court granting declaratory judgment in favor of plaintiff. We affirm.

Defendant Wayne K. Zimmerman, the owner of an excavating business, insured his 1978 International dump truck through plaintiff, Auto-Owners Insurance Company. The policy's coverage included bodily injury and property damage liability arising from the ownership, maintenance or use of an insured automobile. However, "automobile" was defined to exclude "a motor vehicle of other than the private passenger or utility type while used with a trailer unless a premium [was] charged for such trailer . . . ."

Plaintiff's agent had informed defendant that, unless an extra premium was paid to insure the trailer, the dump truck itself would not be insured while pulling the trailer. However, defendant chose not to insure the trailer. On August 24, 1982, defendant's employee was involved in an

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

accident while driving the dump truck. The dump truck was pulling a flat-bed trailer.

As a result of the accident, defendant was sued by two separate parties. When the plaintiff insurer sought a declaratory judgment, the trial court found that the insurance contract unambiguously denied coverage and that defendant had been so informed prior to the accident. Defendant appeals as of right.

Defendant argues that the insurance policy was ambiguous and against public policy and therefore should be construed against the insurer to provide coverage. We disagree and affirm the trial court's decision.

Although defendant claims not to have read the insurance policy prior to the accident, he nevertheless is held to a knowledge of its terms and conditions. *Usher v St Paul Fire & Marine Ins Co,* 126 Mich App 443, 447; 337 NW2d 351 (1983). Defendant also claims not to understand the policy now that he has read it. However, we deem the policy's terms and conditions to be unambiguous. In order to determine whether an ambiguity exists, an insurance policy should be read as a whole. *Murphy v Seed-Roberts Agency, Inc,* 79 Mich App 1, 8; 261 NW2d 198 (1977). In this case, one section of the policy provided for coverage arising out of the ownership, maintenance or use of the insured automobile; but in another section the policy, in defining "automobile," specifically excluded coverage for commercial trucks when pulling a trailer, unless an extra premium was paid.

If a contract fairly admits of but one interpretation, it is not ambiguous. *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982). Not only do we believe this particular contract to fairly admit of but one interpretation, but the trial court found that plain-

tiff's agent had informed defendant of noncoverage if the dump truck was pulling a trailer, unless the extra premium was paid. Defendant chose not to pay the premium. Under the circumstances, it is difficult to attribute an ambiguity to the policy's language.

Nor do we believe the insurer's terms and conditions to be against public policy. Defendant cites no authority for this assertion; therefore, we need not consider it on appeal. *Raska, supra,* p 362. In any event we find no violation of public policy in the insurer's request that defendant purchase coverage for commercial trucks while pulling trailers. See *Zamani v Auto Club Ins Ass'n,* 124 Mich App 29; 333 NW2d 373 (1983); *Johnson v Michigan Educational Employees Mutual Ins Co,* 137 Mich App 205; 357 NW2d 329 (1984), lv den 422 Mich 852 (1985). The remaining thrust of defendant's argument is the alleged ambiguity which has already been discussed and rejected.

Defendant also assigns error to the trial court's refusal to let him introduce evidence that the trailer was not a cause or a part of the accident. We find no error. Although there appear to be no Michigan cases on point,[1] courts in other jurisdictions have opined that, when the towing of a trailer is disallowed by a policy's terms, it is irrelevant whether the trailer was causally connected with an accident. *Nationwide Mutual Ins Co v Edwards,* 67 NC App 1, 4; 312 SE2d 656, 658 (1984); *State Farm Mutual Automobile Ins Co v Bass,* 192 Tenn 558, 562; 241 SW2d 568, 569 (1951); *Waddey v Maryland Casualty Co,* 171 Tenn 112, 117; 100 SW2d 984, 986 (1937). In consonance with

[1] *Pawlicki v Hollenbeck,* 250 Mich 38; 229 NW 626 (1930), upon which defendant relies, contained neither a trailer exclusion nor a definition of automobile excluding the insured vehicle when used with a trailer.

the reasoning of these cases, we uphold the trial court's determination that the trailer's causal connection to the accident was beyond the scope of trial in this case.

Affirmed.