HAFNER v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 105271. Submitted January 9, 1989, at Detroit. Decided
March 21, 1989.

Carl J. Hafner was injured when he fell out of the back of his
pickup truck while preparing to unload equipment with which
to mow his lawn. An unidentified man who asked Hafner if he
could help had backed the truck up to Hafner's porch to
facilitate the unloading of the equipment. As Hafner prepared
to unload the equipment, the driver apparently put the vehicle
in gear, causing it to lurch forward and Hafner to fall out.
Hafner sought uninsured motorist benefits from Detroit Auto-
mobile Inter-Insurance Exchange, the no-fault insurer of the
vehicle. DAIIE refused to pay on the ground that the pickup
truck was not an uninsured motor vehicle. Hafner filed a
declaratory judgment action against DAIIE in Wayne Circuit
Court seeking, inter alia, that the court compel DAIIE to submit
to arbitration to settle disputed issues under the insurance
policy. Plaintiff argued that the uninsured motorist provision of
the policy was ambiguous. The court, Thomas J. Foley, J.,
concluded that there was no ambiguity in the contract and
granted summary disposition in favor of DAIIE. Plaintiff ap-
pealed.

The Court of Appeals *held:*

1. Summary disposition was proper because the matter at
issue is one of coverage, and questions of coverage are expressly
excluded from arbitration by the policy in question. Further-
more, the policy involved is not ambiguous. The insured must
be injured by an uninsured motor vehicle in order to be eligible
for uninsured motorist benefits. Plaintiff does not contend that
his vehicle was uninsured.

2. The exclusions from uninsured motorist coverage do not

REFERENCES

Am Jur 2d, Automobile Insurance §§ 3, 293-339; Contracts § 241;
Insurance § 275.

"Named insured' within meaning of automobile insurance coverage.
91 ALR3d 1280.

render the policy ambiguous as to whether coverage is afforded in this case.

Affirmed.

1. CONTRACTS — AMBIGUITIES — JUDICIAL CONSTRUCTION.

A contract which fairly admits of but one interpretation is not ambiguous, and where there is no ambiguity, contract construction is a question of law for the trial court's determination.

2. INSURANCE — POLICIES — AMBIGUITIES.

An insurance policy should be read as a whole in order to determine if an ambiguity exists.

3. INSURANCE — NO-FAULT — UNINSURED MOTORIST COVERAGE.

The owner of an insured pickup truck is not entitled to uninsured motorist coverage benefits under his policy of insurance where he was injured by falling out of the back of the truck due to negligent operation of the truck by a person he had authorized and directed to use the truck and the policy required that an insured be injured by an uninsured motor vehicle in order to be eligible for uninsured motorist benefits.

*Robert F. Samoray,* for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *A. J. Galsterer, Jr.*), and *Nancy L. Bosh,* of Counsel, for defendant.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

PER CURIAM. This is a no-fault insurance case. Plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendant, DAIIE. We affirm.

Plaintiff filed a complaint for declaratory judgment, requesting among other things that the court compel defendant insurer to submit to arbitration to settle disputed issues under a policy of insurance issued by defendant to plaintiff.

Plaintiff drove his truck to some property that he owned, intending to cut the grass on the property site. At the site, an unidentified man asked

plaintiff if he could help. Plaintiff instructed the man to back plaintiff's vehicle up to the porch. The man backed up the vehicle and, once he got to the porch, plaintiff instructed him to stop to enable plaintiff to unload his equipment. Plaintiff was in the back of the truck preparing to unload the equipment when the unidentified man apparently put the truck in gear. The truck lurched forward and plaintiff fell out of the back of the truck, sustaining injuries.

Plaintiff argued that the matter should be submitted to arbitration because the uninsured motorist provision of the policy insuring plaintiff's vehicle was ambiguous. Defendant argued that this was not an uninsured motorist claim because the unidentified man was operating plaintiff's vehicle under plaintiff's consent and direction and was, therefore, an insured under plaintiff's policy.

Plaintiff's policy, which undisputedly insured the truck involved in the accident, provides in part the following uninsured motorist coverage:

> We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. Bodily injury must be caused by accident and arise out of the ownership, operation, maintenance or use of the uninsured motor vehicle.

The policy defines "uninsured motor vehicle" as follows:

> Uninsured Motor Vehicle means a motor vehicle which is:
> not insured by a bodily injury liability bond or policy that is applicable at the time of the accident . . . .

Plaintiff relies on the following exclusion from uninsured motorist's coverage:

This coverage does not apply to bodily injury sustained by an insured person:

while occupying a motor vehicle which is owned by you or a relative unless that motor vehicle is YOUR CAR . . . .

The policy also provides as follows concerning arbitration:

If we do not agree with the insured person(s):

that they are legally entitled to recover damages from the owner or the operator of an uninsured motor vehicle; or

as to the amount of payment;

either they or we must demand, in writing, that the issues, excluding matters of coverage, be determined by arbitration.

\* \* \*

Disagreements concerning insurance coverage, insurance afforded by the coverage, or whether or not a motor vehicle is an uninsured motor vehicle are not subject to arbitration, except by express written consent of both parties.

After hearing arguments on defendant's motion for summary disposition, the trial court concluded that there was no ambiguity in the contract and granted summary disposition in favor of defendant.

Plaintiff argues that the policy of insurance is ambiguous and, therefore, that it is necessary that the underlying dispute be submitted to arbitration.

Defendant's motion for summary disposition cited MCR 2.116(C). We conclude that summary disposition could have been granted under either MCR 2.116(C)(8), failure to state a claim on which relief can be granted, or MCR 2.116(C)(10), no issue as to material fact.

Summary disposition was proper first because

the matter at issue is one of coverage, and questions of coverage are expressly excluded from arbitration by the policy in question.

Further, the policy involved is not ambiguous. Where there is no ambiguity, contract construction is a question of law for the trial court's determination. *Wilson v Home Owners Mutual Ins Co,* 148 Mich App 485, 490; 384 NW2d 807 (1986), lv den 425 Mich 876 (1986). An insurance policy should be read as a whole in order to determine if an ambiguity exists. *Auto-Owners Ins Co v Zimmerman,* 162 Mich App 459, 461; 412 NW2d 925 (1987), lv den 428 Mich 920 (1987). Ambiguities must be construed in favor of coverage for the insured. *Boyd v GMAC,* 162 Mich App 446, 452; 413 NW2d 683 (1987). If a contract fairly admits of but one interpretation, it is not ambiguous. *Zimmerman, supra,* p 461.

The insurance policy involved in this case fairly admits of but one interpretation. In order to be eligible for uninsured motorist benefits, the insured must be injured by an uninsured motor vehicle. The pertinent provision reads:

> We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. Bodily injury must be caused by accident and arise out of the ownership, operation, maintenance or use of the uninsured motor vehicle.

Plaintiff does not contend that his vehicle was uninsured. Thus, uninsured motorist coverage is not applicable.

The exclusions from uninsured motorist coverage do not render the policy ambiguous as to whether coverage is afforded in this case. Plaintiff cites the following exclusion:

> This coverage does not apply to bodily injury sustained by an insured person:
> while occupying a motor vehicle which is owned by you or a relative unless that motor vehicle is YOUR CAR . . . .

Plaintiff's argument seems to run as follows: the exclusion eliminates uninsured motorist coverage for injuries sustained when the insured is not occupying "[his] car"; conversely, uninsured motorist coverage is available when the insured is occupying "[his] car."

While ambiguities are to be construed in favor of the insured, contract language should be given its plain and ordinary meaning, rather than a technical or strained construction. *Boyd, supra,* p 452. Reading the contract as a whole, it appears clear that the basic condition of uninsured motorist coverage is the involvement of an uninsured vehicle. Because the contract in this case is not ambiguous, its interpretation is a matter of law. The trial court correctly concluded that the terms of the policy do not afford plaintiff uninsured motorist coverage in this case. Thus, the trial court properly denied arbitration and granted summary disposition in favor of defendant.

Affirmed.