M & H TOOL COMPANY, INC v AETNA CASUALTY & SURETY
COMPANY

Docket No. 114926. Submitted April 11, 1990, at Detroit. Decided July
6, 1990.

> M & H Tool Company, Inc., sells precision tools. A company van
> loaded with merchandise for a trip the next day to call upon a
> specific group of customers was broken into and its contents
> stolen while the van was parked overnight at the home of a
> company salesman. M & H filed a claim with Aetna Casualty &
> Surety Company, its insurer, for the loss. Aetna denied cover-
> age pursuant to policy language in that the vehicle was not in
> transit and the contents were not in the course of delivery as
> required for coverage. M & H filed suit against Aetna in
> Oakland Circuit Court seeking to collect under the policy. The
> court, Richard D. Kuhn, J., granted summary disposition in
> favor of defendant, holding that, to be covered by the policy,
> the property must be in the course of delivery and plaintiff's
> property was not. It also held that the phrase "in transit" was
> unambiguous and inapplicable to the stolen tools. Plaintiff
> appealed.
>
> The Court of Appeals held:
>
> 1. The trial court erred when it concluded that the subject
> insurance policy required the contents of the company van to
> be in the course of delivery as a prerequisite for coverage. The
> policy language "in course of delivery" is ambiguous and capa-
> ble of two interpretations, one favoring plaintiff and the other
> favoring defendant. Insurance contract ambiguities are to be
> construed against the insurer; therefore the interpretation
> urged by plaintiff is the one to be adopted. The phrase "in
> course of delivery" should be construed so as to cover the tools
> stolen from plaintiff's van.
>
> 2. The second phrase at issue, concerning goods actually "in

REFERENCES

Am Jur 2d, Insurance § 183.

Construction of terms "in transit," "transportion," and the like,
within coverage or exclusion clauses of insurance policy. 80
ALR2d 445.

transit," unambiguously creates coverage. It was error for the trial court to hold otherwise.

3. It was improper for the trial court to grant summary disposition to defendant. On remand, summary disposition is to be entered in favor of plaintiff.

Reversed and remanded.

INSURANCE — MOTOR TRUCK CARGO — AMBIGUITIES.

Precision tools stolen from a company van which was parked overnight at the home of the company's salesman in anticipation of a trip the next day to call upon a specific group of customers were both in transit and in course of delivery for purposes of an insurance policy requiring such where the phrase concerning course of delivery was ambiguous and capable of being interpreted in favor of either the insurer or the insured and the phrase requiring the goods to be in transit in order to be covered unambiguously created coverage; ambiguities in insurance contracts are to be construed against the insurer.

*Levin, Levin, Garvett & Dill, P.C.* (by *Nancy L. Kahn*), for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Noreen L. Slank*), for defendant.

Before: HOLBROOK, JR., P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. Plaintiff appeals as of right from an Oakland Circuit Court order for summary disposition pursuant to MCR 2.116(C)(10) for the reason that there was no genuine issue of material fact. We reverse.

Plaintiff is a dealer of precision tools. While parked overnight at the home of plaintiff's salesman, the company van was broken into and its contents stolen. The van was loaded with merchandise in anticipation of a trip the next day to call upon a specific group of customers. The day following the theft, plaintiff filed a claim with defendant for the loss. Defendant denied coverage pursuant

to the policy language in that the covered vehicle was not "in transit" and that the contents were not "in the course of delivery."

Plaintiff's motion for summary disposition was denied on the basis that there was a disputed issue of fact as to whether the van was "in transit" or "in the course of delivery." Following plaintiff's counsel's suggestion that the trial court may want to reconsider its opinion prior to submitting the case to the jury, the trial court held an evidentiary hearing with plaintiff's salesman as the sole witness.

As a result of this evidentiary hearing, the trial court sua sponte granted summary disposition in favor of defendant, holding that, to be covered by the policy in question, the property must be "in the course of delivery" and plaintiff's property was not. The trial court held further that the phrase "in transit" was unambiguous and inapplicable to the stolen tools.

Plaintiff first argues that the trial court erred when it concluded that the subject insurance policy required the contents of the company van to be "in the course of delivery" as a prerequisite for coverage. We agree.

At issue here is the interpretation of two phrases contained in the "Property Covered" section of the insurance contract:

> On lawful goods consisting of tools the property of the Insured or *sold by them and in course of delivery* in or upon the following motor truck(s) or trailer(s) operated by the Insured, but this policy only covers while goods are actually in transit in the custody and control of the Insured within a radius of 100 miles of Southfield.

Defendant would have us interpret this sentence

by adding commas in such a manner that the key phrase would read: "Property[,] of the insured or sold by them[,] and in course of delivery." Plaintiff would have us add a comma before the "or": "Property of the insured[,] or sold by them and in course of delivery."

In *Robert L Berner Co v National Fire Ins Co of Hartford*, 331 Ill App 102; 72 NE2d 727 (1947), the Illinois court was faced with interpreting a similarly ambiguous phrase. The court stated:

> The original policy insured lawful goods and merchandise consisting of wholesale produce, the property of the insured or sold by them in course of delivery while in the custody of the insured and actually in transit . . . .
>
> * * *
>
> It covered only goods owned by the insured or goods sold by him and in course of delivery. [*Id.*, pp 103-105.]

Since it is well settled that insurance contract ambiguities are to be construed against the insurer, *Powers v DAIIE*, 427 Mich 602; 398 NW2d 411 (1986), we will adopt the interpretation urged by plaintiff. Plaintiff's interpretation is quite plausible and identical to the interpretation given a similar clause in the instructive Illinois case.

The trial court, therefore, erred in failing to construe the phrase so as to cover the tools stolen from plaintiff's van.

Plaintiff next argues the trial court erred in failing to find that the merchandise was unambiguously "in transit."

In concluding that the instant goods were not "in transit," the trial court stated:

> [The] undisputed facts of the instant case reflect

that the tools were not contained within M & H's truck for delivery. Rather, they were contained to be displayed to *prospective* purchasers. Further, the goods were not loaded onto an empty truck. The undisputed facts are that Plaintiff continuously kept the truck fully stocked with a $63,000 tool inventory. For these reasons, the Court finds that the goods were not "in transit" within the meaning of the policy when they were stolen. [Emphasis in original.]

In a case similar to the one before us, the Maryland Court of Appeals held that a common sense appraisal of the overall situation, rather than the precise shadings of terms of art, was determinative of the outcome. *Home Ins Co v F & F Clothing Co,* 250 Md 534, 540; 243 A2d 572 (1968). In *Home Ins Co,* defendant supplied uniforms to various businesses. These were loaded into a company station wagon which an employee drove to his home to allow for an earlier start the next day. While parked at the employee's home, the vehicle was broken into and the goods stolen. The insurer argued the goods were not in transit since the delivery process would not begin until the employee left the following morning and that the overnight stoppage was neither contemplated by the policy nor in any case necessary or connected with transit and delivery. *Id.,* p 536. The court set forth the test it relied upon in concluding the goods were in transit:

> "The true test thus appears to be not whether movement was interrupted overnight, or over a weekend, but whether the goods, even though temporarily at rest were still on their way, with any stoppage merely incidental to the main purpose of delivery. . . .
> "In the final analysis, the outcome of a case such as this should be determined not by precise seman-

tic shadings of terms of art, but by a common-
sense appraisal of the overall situation." [*Id.,* pp
539-540, quoting *Ben Pulitzer Creations, Inc v
Phoenix Ins Co,* 47 Misc 2d 801, 804; 263 NYS2d
373 (1965).]

In applying such a test to the facts in the case at
bar, we conclude that plaintiff's tools were "in
transit." It would be unreasonable for us to con-
clude that the tools would be covered while on
plaintiff's premises or in plaintiff's van en route to
customers, but not while temporarily stopped be-
tween those points for rest. We hold, therefore,
that the phrase "in transit" unambiguously cre-
ates coverage and that it was error for the trial
court to hold otherwise.

Lastly, plaintiff argues it was improper for the
trial court to grant summary disposition to defen-
dant. On the basis of our foregoing analysis, we
agree. Upon remand, we order that summary dis-
position be entered in favor of plaintiff.

Reversed and remanded. We do not retain juris-
diction.