WHITAKER v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 117342. Submitted February 5, 1991, at Detroit. Decided July 23, 1991, at 9:10 A.M.

Marlyss A. Whitaker brought an action in the St. Clair Circuit Court against Citizens Insurance Company of America, seeking to enforce arbitration with regard to uninsured motorist protection benefits. The court, Ernest F. Oppliger, J., disqualified the arbitrator selected by the defendant, and any and all attorneys, agents, or others employed or receiving remuneration from the defendant. The defendant appealed by leave granted.

The Court of Appeals *held:*

The court erred in disqualifying the defendant's arbitrator. MCL 600.5015; MSA 27A.5015 requires that an arbitration agreement in a contract be followed with respect to the method of appointing arbitrators. In this case, the insurance contract provided that each party was to select an arbitrator and that the arbitrators would select a competent and disinterested umpire. There was no provision indicating that the parties must select neutral and disinterested arbitrators.

Reversed and remanded.

ARBITRATION — INSURANCE — APPOINTMENT OF ARBITRATORS.

The method of appointing arbitrators provided in an arbitration agreement contained in an insurance contract is to be followed where the policy language is not ambiguous (MCL 600.5015; MSA 27A.5015).

*McIntosh, McColl, Carson, McNamee, Strickler & Houle* (by *Antoine F. Houle*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton, P.C.* (by *Michael L. Updike*), for the defendant.

Before: GILLIS, P.J., and HOOD and REILLY, JJ.

REFERENCES

Am Jur 2d, Arbitration and Award § 86.

See the Index to Annotations under Arbitration and Award.

PER CURIAM. Defendant appeals by leave granted from the circuit court's order disqualifying attorney Lee A. Halsey and all attorneys, agents, employees, or others who receive remuneration from defendant as arbitrators in plaintiff's claim against defendant for uninsured motorist protection benefits. We reverse.

Plaintiff was struck and injured by a hit-and-run motorist. At the time of the accident, she was insured by defendant. The parties' insurance contract provided:

> Arbitration. If any person making claim hereunder and the Company:
>
> 1. Do not agree that such a person is legally entitled to recover damages from the owner or operator of an uninsured automobile, or
>
> 2. Do not agree as to the amount of payment which may be owing under this Section,
>
> then upon written demand by either, the matter shall be settled by arbitration. *In such event, the Company and such person shall each select an arbitrator and the arbitrators shall select a competent and disinterested umpire.* The arbitrators shall separately state legal entitlement to recovery and/or amount of payment. Failing to agree, they shall submit their differences to the umpire. An award in writing of any two shall determine recovery and/or amount, and judgment upon the award rendered by the two may be entered in any court having jurisdiction thereof. The Company and person each agrees to consider itself bound and to be bound by any award made by the arbitrators and umpire pursuant to this Section. The Company and person shall each pay their chosen arbitrator and bear equally the other expenses of the arbitration and the umpire. [Emphasis added.]

When the parties could not agree on the amount of benefits due, plaintiff made a demand for arbitration, selecting attorney Douglas Black as her arbitrator. Defendant named attorney Lee A. Halsey as its arbitrator.

Plaintiff then filed a complaint to enforce arbitration rights, asserting that the appointment of Mr. Halsey as defendant's arbitrator created a conflict of interest because Mr. Halsey actively represented defendant in other insurance cases. Further, plaintiff argued that Mr. Halsey had admitted to plaintiff's counsel that he "would be cheap on the file." Thus, plaintiff requested that the circuit court disqualify Mr. Halsey as well as any and all attorneys, agents, employees, or others receiving remuneration from defendant from sitting as an arbitrator.

In response to plaintiff's motion, defendant argued that this state's statutes, court rules, and case law did not provide grounds upon which to disqualify Mr. Halsey as its arbitrator. Moreover, defendant argued that those sources did not require a party to select a neutral arbitrator as its representative in arbitration proceedings. Defendant also noted that Mr. Black, plaintiff's arbitrator, represented parties who had claims against defendant.

Following a hearing on plaintiff's motion, the circuit court held:

> I'm going to rule that [Mr. Halsey] is disqualified if in fact he receives business directly from Citizens Insurance Company.
>
> \* \* \*
>
> My ruling is based simply on the fact that Mr. Halsey is an attorney representing Citizen's [sic] Insurance Company on a number of cases, and I think it would be very difficult for him to be totally unprejudiced and unbiased in this case.

The circuit court's order further disqualified any and all attorneys, agents, employees, or others employed or receiving remuneration from defendant from acting as its arbitrator.

Defendant applied for leave to appeal, which this Court granted.

Defendant contends that the circuit court erred in issuing an order prohibiting it from appointing an arbitrator of its own choosing, arguing that a court may not interfere with a party's choice of an arbitrator where the parties have agreed that each could appoint its respective arbitrator. Defendant claims that such judicial interference violates the principle of freedom of contract.

In response, plaintiff argues that defendant's choice of an arbitrator who is providing legal services to defendant creates a conflict of interest. Further, plaintiff argues that public policy mandates that arbitration, which is an alternative to judicial intervention, be fair and impartial.

Insurance contracts are viewed the same as other contracts, as a matter of agreement between the parties, and courts will determine what the agreement was and enforce it accordingly. *Dimambro-Northend Associates v United Construction, Inc*, 154 Mich App 306, 312-313; 397 NW2d 547 (1986). Where the policy language is not ambiguous, the court will accept the plain meaning of the written terms as the agreement of the parties. *Id.* at 313. Further, the courts will not rewrite the insurance policy to include terms to which the parties have not agreed. *Id.*

MCL 600.5001(2); MSA 27A.5001(2) provides in part:

> A provision in a written contract to settle by arbitration under this chapter, a controversy thereafter arising between the parties to the con-

tract, with relation thereto, and in which it is agreed that a judgment of any circuit court may be rendered upon the award made pursuant to such agreement, shall be valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the rescission or revocation of any contract.

MCL 600.5015; MSA 27A.5015 provides:

*If the arbitration agreement provides a method of appointment of arbitrators, this method shall be followed.* In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails or is unable to act and his successor has not been duly appointed, the court on application of a party shall appoint 1 or more arbitrators. An arbitrator so appointed has all the powers of one specifically named in the agreement. [Emphasis added.]

Here, the parties' contract provides for a neutral umpire, but there is no provision indicating that the parties must select neutral and disinterested arbitrators. Moreover, MCL 600.5015; MSA 27A.5015 provides that the arbitration agreement is to be followed with regard to the method of appointing arbitrators. We note that in *Tate v Saratoga Savings & Loan Ass'n,* 216 Cal App 3d 843, 852; 265 Cal Rptr 440 (1989), the court stated:

Courts have repeatedly upheld agreements for arbitration conducted by party-chosen, nonneutral arbitrators, particularly when a neutral arbitrator is also involved. These cases implicitly recognize it is not necessarily unfair or unconscionable to create an effectively neutral tribunal by building in presumably offsetting biases. [Citations omitted.]

Hence, we uphold the parties' agreement in this case.[1]

Reversed and remanded for further proceedings consistent with this opinion.

REILLY, J., did not participate.

---

[1] But see and compare MCR 3.602(J)(1)(b), which provides for vacation of a health-care arbitration award if

there was evident partiality by an arbitrator appointed as a *neutral,* corruption of an arbitrator, or misconduct prejudicing a party's rights. [Emphasis added.]