FRAGNER v AMERICAN COMMUNITY MUTUAL INSURANCE
COMPANY

Docket No. 134979. Submitted February 3, 1993, at Detroit. Decided
May 3, 1993, at 9:25 A.M.

Sharon Fragner brought an action in the Wayne Circuit Court
against American Community Mutual Insurance Company,
seeking payment of expenses relating to a liver transplant from
a deceased donor. The court, Claudia House Morcom, J., found
that the plaintiff's policy did not provide coverage for a trans-
plant from a deceased donor and that the policy's coordination
of benefits provision rendered the defendant not liable for the
expenses because they were paid by Medicaid after the defen-
dant denied the claim. The plaintiff appealed.

The Court of Appeals *held:*

1. The pertinent language in the policy states that where
living donors are involved, the defendant will pay the expenses
of the donor as well as those of the donee. That language is of
inclusion, not exclusion, and is, at best, ambiguous. Transplants
are not mentioned in the "Exclusions" section of the policy,
and the defendant's interpretation of the contractual language
is not supported by the language of the policy read as a whole.
The court erred in granting summary disposition for the defen-
dant.

2. Because the defendant should have provided coverage for
the transplant, it cannot avoid providing that coverage simply
because the plaintiff turned to Medicaid for coverage. The court
erred in determining that the defendant was not obligated to
provide coverage for the operation because Medicaid was doing
so.

Reversed and remanded.

1. INSURANCE — CONTRACTS — EXCLUSIONS.

An insurer who intends to exclude coverage under certain cir-
cumstances should clearly state those circumstances in the
section of the policy entitled "Exclusions"; exclusionary clauses
are construed strictly against the insurer.

REFERENCES

Am Jur 2d, Insurance §§ 271, 275, 283 *et seq.*, 291, 1094-1099.
See ALR Index under Insurance; Other Insurance.

2. Insurance — Contracts — Ambiguities.

An insurance contract should be read and interpreted as a whole; ambiguities in an insurance policy drafted by the insurer are to be construed against the insurer and in favor of the insured.

3. Insurance — Other Insurance Provisions — Wrongful Denial of Benefits — Medicaid.

An insurer cannot avoid responsibility to provide coverage for an insured's operation by wrongfully denying coverage and then claiming, after the insured applies for and receives Medicaid coverage, that the Medicaid payment constitutes other insurance coverage that, under the "other insurance" provision in its policy, relieves it of its obligation to provide coverage.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the defendant.

Before: Neff, P.J., and Gribbs and Brennan, JJ.

Neff, P.J. Plaintiff appeals as of right from an order of the circuit court granting defendant's motion for summary disposition, pursuant to MCR 2.116(C)(7) and (10), and denying plaintiff's motion for reconsideration, pursuant to MCR 2.119, in this insurance benefits action. On appeal, plaintiff asserts that defendant's insurance policy was ambiguous regarding the type of organ transplants included within its coverage and that defendant wrongfully refused to provide insurance coverage for expenses related to her liver transplant. We agree, and reverse.

I

Defendant issued a health insurance policy to plaintiff. Plaintiff later learned she would need a liver transplant to survive a debilitating liver

disease. Initially, defendant indicated that it would not pay for the operation because it was considered an experimental procedure. Later, however, after receiving a letter from a surgeon with the University of Michigan Medical Center, defendant conceded the procedure was not experimental. Even so, on May 29, 1987, defendant indicated it would not pay for the operation because it was not covered under plaintiff's policy.

On July 6, 1987, plaintiff underwent liver transplant surgery, receiving a liver from a deceased donor. After learning that defendant would not cover the cost of the operation, plaintiff applied for Medicaid coverage. Medicaid paid all but $13,667.45 of the $140,845.12 bill, and is expected to eventually pay the remainder as well. Defendant's insurance policy contains a coordination of benefits clause, which provides that the deductible amount for covered charges is the amount provided by other coverage. Defendant claims that, even if the liver transplant was covered under the policy, because Medicaid is expected to cover the entire cost, defendant owes nothing.

II

Plaintiff first argues that the language of the insurance policy should have been interpreted to include coverage of organ transplants from a deceased donor because any ambiguities in the contract must be resolved in favor of the insured. She also claims that the language pertaining to organ transplants is language of inclusion, not exclusion, and no mention is made of excluding transplants from coverage under the exclusions section of the policy. Accordingly, she argues that the trial court's order granting summary disposition in favor of defendant must be reversed.

Defendant argues that the trial court properly granted summary disposition in its favor because the language of the policy in question is unambiguous, and it clearly states that only transplants from living donors are covered.

An insurance contract should be read and interpreted as a whole. *Allstate Ins Co v Tomaszewski,* 180 Mich App 616, 619; 447 NW2d 849 (1989). Exclusions limit the scope of coverage provided and are to be read with the insuring agreement and independently of every other exclusion. *Hawkeye-Security Ins Co v Vector Construction Co,* 185 Mich App 369, 384; 460 NW2d 329 (1990). If an insurer intends to exclude coverage under certain circumstances, it should clearly state those circumstances in the section of its policy entitled "Exclusions." *Transamerica Ins Corp of America v Buckley,* 169 Mich App 540, 546; 426 NW2d 696 (1988). Exclusionary clauses are to be strictly construed against the insurer. *Farm Bureau Mutual Ins Co of Michigan v Stark,* 437 Mich 175, 181; 468 NW2d 498 (1991).

An insurance contract is clear if it fairly admits of but one interpretation. *Id.,* p 182. If an insurance contract's language is clear, its construction is a question of law for the court. *Hafner v DAIIE,* 176 Mich App 151, 156; 438 NW2d 891 (1989). An insurance contract is ambiguous if, after reading the entire contract, its language reasonably can be understood in differing ways. *Bianchi v Automobile Club of Michigan,* 437 Mich 65, 70; 467 NW2d 17 (1991); *Hawkeye, supra,* p 381. Ambiguities in an insurance policy drafted by an insurer are to be construed against the insurer and in favor of the insured. *Bianchi, supra; M & H Tool Co, Inc v Aetna Casualty & Surety Co,* 185 Mich App 571, 574; 463 NW2d 124 (1990); *Hagerl v Auto Club*

*Group Ins Co,* 157 Mich App 684, 689; 403 NW2d 197 (1987).

The pertinent policy language in this case is listed in the definition section of the policy under the heading "Covered Charge." It states:

> Covered Charge means an expense of [you and any persons you listed in your application whom we accepted] due to Sickness or Injury which:
>
> \*   \*   \*
>
> 6. Is due to one or more of the following, subject to the expressed limitations:
>
> \*   \*   \*
>
> (r) The transplant of a natural organ by a living donor. We will treat the donor's charges as incurred by you or the Family Member. This includes charges directly due to the transplant and for 6 months after the transplant but does not include transportation other than local emergency ambulance service.

Defendant asserts that the language in subsection r clearly establishes that transplants from living donors are the only transplants it will cover. We disagree. The quoted language is language of inclusion, not exclusion. A close reading of the contract language reveals that the words, at the least, are ambiguous and, at most, establish only that, where living donors are involved, defendant will pay for the donor's expenses as well as the donee's expenses.

Defendant would have this Court consider only the first sentence of subsection r and conclude from it that all transplants involving organs from deceased donors are excluded under the policy. This interpretation is not a fair reading of the entire policy and is not in line with Michigan case law, which requires that contractual language be

given its ordinary and plain meaning. *Bianchi, supra,* p 71, n 1.

Defendant does not mention transplants in its "Exclusions" section. In fact, defendant does not discuss transplants of any type anywhere in the policy except under subsection r, where it provides for the payment of a living donor's expenses. Defendant's interpretation of the contractual language is not supported by the language of the policy read as a whole, and, as such, defendant's argument fails.

We reverse the trial court's grant of summary disposition in favor of defendant.

III

Plaintiff also argues that defendant cannot wrongfully refuse to pay for a covered charge and then argue that it is not responsible for payment because plaintiff had other insurance at the time. She claims that defendant breached its contract, thus forcing her to resort to Medicaid for coverage of her medical expenses. Accordingly, she argues that the trial court's holding that defendant can refuse to pay for plaintiff's liver transplant should be reversed.

Defendant argues that the trial court properly found that it was not responsible for plaintiff's transplant because Medicaid has paid for most of the bill and will ultimately pay the total cost. It claims that Medicaid is a form of other insurance, and, as such, the trial court was correct in finding defendant would not have been obligated to pay the claim.

An insurance policy is much the same as another contract; it is an agreement between the parties. When presented with a dispute, a court must determine what the parties' agreement is

and enforce it. *Whitaker v Citizens Ins Co of America,* 190 Mich App 436, 439; 476 NW2d 161 (1991); *Dimambro-Northend Associates v United Construction, Inc,* 154 Mich App 306, 312-313; 397 NW2d 547 (1986).

Because defendant should have covered plaintiff's liver transplant in the first place, defendant cannot now avoid providing that coverage simply because plaintiff turned to Medicaid for coverage. Defendant breached its contract with plaintiff, and it cannot escape its responsibility now by claiming that plaintiff had other valid coverage. Plaintiff would not have sought coverage from Medicaid if defendant had not wrongfully refused to pay for the liver transplant. Accordingly, we find that the trial court erred in determining that defendant is not obligated to provide coverage for the operation because Medicaid was providing coverage.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.