**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0483n.06

No. 12-1864

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*May 15, 2013*
DEBORAH S. HUNT, Clerk

REGINALD HAYES and CASSANDRA          )
HAYES,                                )
                                      )
    Plaintiffs-Appellants,          )          ON APPEAL FROM THE
                                      )          UNITED STATES DISTRICT
v.                                    )          COURT FOR THE EASTERN
                                      )          DISTRICT OF MICHIGAN
LIBERTY INSURANCE CORPORATION,        )
                                      )
    Defendant-Appellee.             )
                                      )


BEFORE:  BOGGS and COLE, Circuit Judges; QUIST, District Judge.[*]


PER CURIAM.  Reginald Hayes and Cassandra Hayes appeal the district court's grant of summary judgment and its  interlocutory order dissolving a preliminary injunction in this insurance dispute.  We affirm.

Liberty Insurance Corporation (Liberty) issued a homeowners policy to the Hayeses effective February 28, 2010, to February 28, 2011.  On or about November 23, 2010, the Hayeses discovered leaking pipes in their home.  An investigation by a contractor revealed asbestos in the walls, requiring the Hayeses to vacate their home and seek temporary living arrangements.  Liberty subsequently notified the Hayeses that their homeowners policy provided coverage for additional

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

living expenses for twelve months following the date of loss and that no additional living expenses incurred beyond November 23, 2011, would be processed.

On November 21, 2011, the Hayeses filed a complaint for specific performance/anticipatory breach and declaratory relief against Liberty in the Genesee County Circuit Court. The state court granted the Hayeses' motion for a preliminary injunction and ordered Liberty to continue paying additional living expenses to the Hayeses. Liberty removed the case to the district court based on diversity of citizenship and subsequently moved for summary judgment and for dissolution of the preliminary injunction. Concluding that the homeowners policy required Liberty to pay additional living expenses for only a maximum of twelve months, the district court granted Liberty's motions for summary judgment and for dissolution of the preliminary injunction. Liberty's counterclaims for rescission, unjust enrichment, and declaratory judgment remained pending. This timely appeal followed.

We have jurisdiction to review the district court's interlocutory order dissolving the preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1). We review the district court's order de novo where, as here, the dissolution is based on a legal premise. *Reese v. City of Columbus*, 71 F.3d 619, 622 (6th Cir. 1995). We may also review the district court's summary-judgment ruling because that ruling formed the basis for the district court's decision to dissolve the preliminary injunction. *See Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 545 (6th Cir. 2005). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Michigan law, "[a]n insurance policy is much the same as any other contract." *Auto-Owners Ins. Co. v. Churchman*, 489 N.W.2d 431, 433 (Mich. 1992). The court must look at the policy "as a whole and give meaning to all terms." *Id*. at 434. "An insurance contract is ambiguous if, after reading the entire contract, its language reasonably can be understood in differing ways." *Fragner v. Am. Cmty. Mut. Ins. Co.*, 502 N.W.2d 350, 352 (Mich. Ct. App. 1993). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written because an unambiguous contract reflects the parties' intent as a matter of law." *Hastings Mut. Ins. Co. v. Safety King, Inc.*, 778 N.W.2d 275, 278 (Mich. Ct. App. 2009).

Two provisions of the homeowners policy are at issue in this case. The homeowners policy provides the following coverage for the loss of use of the insured premises:

> **COVERAGE D - Loss Of Use**
>
> . . . .
>
> 1. If a loss covered under this Section makes that part of the "residence premises" where you reside not fit to live in, we cover the Additional Living Expense, meaning any necessary increase in living expenses, incurred by you so that your household can maintain its normal standard of living.
>
>    Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere.

An endorsement to the policy provides as follows:

> **C.    INCREASED LIMIT - COVERAGE D**
>
> We will pay the amount of loss covered by Coverage D which is actually sustained by you during the 12 consecutive months following the date of loss, subject to the periods of time under paragraphs 1, 2, and 3 of Coverage D - Loss of Use.

We agree with the district court that these provisions, read together, place a twelve-month limit on the payment of additional living expenses, "subject to" the further limitation on payment of such expenses "for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere."

The Hayeses contend that the periods of time under paragraphs 1, 2, and 3 of Coverage D always trump the twelve-month limit on payment of additional living expenses and that the district court rewrote the parties' unambiguous contract provision to include the condition: "unless it takes a shorter period of time to repair or replace the damage or permanently relocate." According to the Hayeses, the district court rewrote the provision to avoid rendering the twelve-month limit a nullity, improperly relying on rules of contract interpretation and construction when the policy provision contains no ambiguity. But giving effect to all of a contract's terms is not a rule of construction to be applied only after a finding of ambiguity: "[C]ourts cannot simply ignore portions of a contract in order to avoid a finding of ambiguity or in order to declare an ambiguity. Instead, contracts must be construed so as to give effect to every word or phrase as far as practicable." *Klapp v. United Ins. Grp. Agency, Inc.*, 663 N.W.2d 447, 453 (Mich. 2003) (internal quotation marks omitted).

The case upon which the Hayeses rely, *Michigan Township Participating Plan v. Pavolich*, 591 N.W.2d 325 (Mich. Ct. App. 1998), is inapposite. In that case, the Michigan Court of Appeals held that a portion of the insurance policy covering "you or any family member" was surplusage because the village, the named insured, "cannot sustain bodily injury or have family members." *Id.* at 331. Here, the twelve-month limit on payment of additional living expenses is not mere

surplusage – clearly, Liberty can (and did) place a time limit on the payment of benefits to the Hayeses.

Because we agree with the district court that the homeowners policy, read as a whole, unambiguously places a twelve-month limit on the payment of additional living expenses, we affirm the district court's grant of summary judgment and its dissolution of the preliminary injunction ordering Liberty to continue paying those expenses to the Hayeses beyond the twelve-month period.